MARK R. AND BONITA S. MAYNE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mayne v. Commissioner
Docket No. 12135-92
United States Tax Court
T.C. Memo 1993-193; 1993 Tax Ct. Memo LEXIS 196; 65 T.C.M. (CCH) 2552; May 3, 1993, Filed *196 Decision will be entered under Rule 155. Mark R. Mayne, pro se. For respondent: Randall Pooler. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1988 and 1989 in the respective amounts of $ 1,642 and $ 1,064. After concessions, the sole issue for decision is whether petitioner Mark R. Mayne (Mr. Mayne) is entitled to deduct claimed traveling expenses incurred while away from home under section 162(a)(2). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Clearwater, Florida, at the time their petition was filed. During the years in issue, Mr. Mayne was an officer with the United States Coast Guard (Coast Guard). On May 12, 1988, Mr. Mayne was ordered by his superiors *197 to proceed and report to Harvard University in Cambridge, Massachusetts. Immediately prior to receiving the order, Mr. Mayne's permanent duty station was in Pensacola, Florida. Petitioners and respondent have stipulated that the order constituted a permanent change of station from Pensacola, Florida, to Cambridge, Massachusetts. Mr. Mayne's family remained in Pensacola while he was stationed in Cambridge. Mr. Mayne was ordered to Harvard University to enroll in a Master of Public Administration Program. Mr. Mayne anticipated completing his studies in less than 1 year, and in fact met that expectation. After completing his studies Mr. Mayne returned to Pensacola. He remained there for approximately 1 month, at which time he was ordered to proceed and report to his next permanent duty station at Coast Guard Headquarters in Virginia. On their Federal tax returns for the years in issue, petitioners claimed Schedule A deductions in the respective amounts of $ 6,460 and $ 4,433 for expenses Mr. Mayne incurred for meals, lodging, and travel while he was stationed in Cambridge. Petitioners contend that these expenses were incurred while Mr. Mayne was away from home (Pensacola) in *198 pursuit of his Coast Guard career, and are therefore deductible under section 162(a)(2). Respondent argues that Mr. Mayne's tax home was in Cambridge during the years in issue, and that the claimed expenses are therefore nondeductible personal expenses pursuant to section 262. We agree with respondent. Section 162(a)(2) indeed allows a deduction for all ordinary and necessary traveling expenses (including meals and lodging) incurred while away from home in pursuit of a trade or business. . However, for purposes of section 162(a), a taxpayer's "home" is the vicinity of his principal place of business, ; , and it is well settled that for a military taxpayer, this means the location of his permanent duty station. ; . Mr. Mayne has stipulated to the fact that the order he received to leave Pensacola and relocate *199 in Cambridge effected a permanent change of station. Based on the stipulation and the clear state of the law, we conclude that Mr. Mayne was not away from home during the years in issue when his claimed expenses for meals, lodging, and travel were incurred while he resided in Cambridge. See Accordingly, we therefore hold that the expenses Mr. Mayne incurred for meals, lodging, and travel while he was stationed in Cambridge are nondeductible personal expenses pursuant to section 262. To reflect concessions, Decision will be entered under Rule 155.